[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter involves the adoption of a Shellfish Management Plan by the Madison Shellfish Commission. Before the Court is a Motion to Dismiss filed by the defendants alleging that he Court lacked subject matter jurisdiction over the case. The plaintiff objected to this motion. Both the plaintiff and the defendant filed memorandums of law in support of their respective positions. On July 14, 1992 the Court heard the motion and took evidence in the form of testimony from Jon Morrow and Gerald Birnbaum. In addition, there were two depositions which were admitted into evidence without objection, one of Richard L. Stoecker who is the Chairman of the Town of Madison Shellfish Commission and one from John Volk, who was employed as a Director of Aquaculture in the Department of Agriculture for the State of Connecticut.
The defendants claim that the Court does not have subject matter jurisdiction since there is no right of appeal from an action of the Madison Shellfish Commission given by any statute.
After hearing the evidence the Court denies the Motion to Dismiss as the evidence showed that the Shellfish Commission of the Town of Madison was, in effect, an agent of the State of Connecticut Department of Agriculture. That department exercises much control over the actions of the Madison Shellfish Commission. (Connecticut Air Service Inc. v. Danbury Aviation Commission 211 Conn. 690 (1989).
This complaint arose out of a dredging operation in 1990 in which the boat from which the dredging took place had to be licensed by both the State and by the Madison Shellfish Commission. There was testimony that there was a substantial noise problem during this particular dredging operation which would bring this matter within the jurisdiction of Connecticut's Environmental Protection Law. The defendants allege that the plaintiff's have not filed a verified pleading under Section 22a-19 and therefore are precluded from making any claims under the Environmental Protection Laws of the State. The plaintiff alleges that exhibit two, which is a letter dated September 9th, 1991 from Attorney Crosby, the plaintiff's representative, to Mr. Stoecker, the Chairman of the defendant Commission, puts the Commission on notice that the plaintiff's CT Page 6694 intend to intervene. The Court agrees with the defendant on this issue. However, there is nothing to preclude the plaintiffs from filing a verified pleading within the meaning of Connecticut General Statute 22a-19 at any time in the future.
For the above reason the Motion to Dismiss is denied.
William J. Sullivan, J.